**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

MATTHEW DWANE BYRD, SR.                                                                          PLAINTIFF
ADC #148834

V.                                   NO: 3:12CV00226 DPM/HDY

CRITTENDEN COUNTY JAIL *et al.*                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the

>	hearing before the District Judge in the form of an offer of
>	proof, and a copy, or the original, of any documentary or
>	other non-testimonial evidence desired to be introduced at
>	the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>	Clerk, United States District Court
>	Eastern District of Arkansas
>	600 West Capitol Avenue, Suite A149
>	Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Matthew Dwane Byrd, Sr., currently held at the Crittenden County Detention Facility, filed a *pro se* complaint (docket entry #2), on September 28, 2012. Defendants are the Crittenden County Jail and Tyrone Dixon, a former Crittenden County jailer.

### **I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

2

cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff's original complaint, Dixon and other guards, along with three inmates, beat him severely in either 2007 or 2008. On October 9, 2012, Plaintiff filed what has been docketed as a motion to amend, in which he indicates that the actual date is between 2006 and 2007. Although Plaintiff's motion to amend should be granted, his complaint should be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

Accepting Plaintiff's allegations as true, the incident at issue in this lawsuit occurred no later than 2007. The statute of limitations for § 1983 actions in Arkansas is three years. *Morton v. City of Little Rock*, 934 F.2d 180, 182 (8th Cir. 1991). Because this lawsuit was filed in September of 2012, almost five years after the incident, the complaint is barred by the statute of limitations. Although the statute of limitations is an affirmative defense, a district court may properly dismiss an *in forma pauperis* complaint as frivolous when it is apparent the statute of limitations has run. *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992). Even the latest date possible within the range Plaintiff alleged is far more than three years before Plaintiff filed his lawsuit. Accordingly, Plaintiff's complaint should be dismissed.

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motion to amend (docket entry #6) be GRANTED.

2. Plaintiff's complaint be DISMISSED WITH PREJUDICE as frivolous and for failure to state a claim upon which relief may be granted.

3. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

4. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this  9  day of October, 2012.

_____
UNITED STATES MAGISTRATE JUDGE